UNITED STATES of America ex rel. Robert LEWIS, No. 42061, Petitioner,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison, Respondent.

UNITED STATES of America ex rel. Esaw MITCHELL, No. 42060, Petitioner,

v.

Warren PINTO, Superintendent, New Jersey State Prison Farm, Rahway, New Jersey, Respondent.

Civ. Nos. 465–67, 671–67.

United States District Court
D. New Jersey.

May 16, 1968.

Robert Lewis, pro se.

Esaw Mitchell, pro se.

A. Donald Bigley, Prosecutor, Camden County, Camden, N. J., for respondents.

THOMAS M. MADDEN, District Judge:

Petitioners, Esaw Mitchell and Robert Lewis, each seek the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq., alleging that they are unlawfully confined in the New Jersey State Prison by virtue of sentences of imprisonment imposed by the Camden County Court. The petitioners each filed separate petitions but the Court will dispose of them in this one opinion.

Petitioner Esaw Mitchell asserts that he was denied his privilege against self-incrimination by reason of the prosecutor's and the trial court's comment on his failure to testify at trial.

Petitioner Robert Lewis asserts that at his trial the reading into evidence of an unsigned statement of a defense witness during cross-examination amounted to constitutional error, that a previously convicted co-defendant testifying for the State was the only witness to place petitioner at the scene of the crime and that he received consecutive sentences for a single criminal transaction in contravention of the double jeopardy clause of the Fifth Amendment to the United States Constitution.

The petitioners, Esaw Mitchell and Robert Lewis, were tried together and were convicted of rape, kidnapping, atrocious assault and battery, and carrying a concealed weapon. Before petitioners' trial, five other of the seven defendants charged with the commission of these crimes had been tried and convicted. Petitioners were subsequently apprehended and tried together, each represented by counsel.

At this point the Court feels compelled to express a few general thoughts in reviewing this matter after reading and attempting to analyze the two petitions and trial transcript of 361 pages covering six days from June 8th to June 15th, 1964, inclusive.

The Court factually recognizes that this was an emotionally packed situation where five boys and two girls of one race were accused of coming upon a parked car wherein a boy and girl of another race were parked and they allegedly attacked the boy, beat him up, and took the girl away from him, dragged her to their car where they allegedly assaulted and raped her. Five of the defendants, including the two girls, were apprehended immediately and tried some considerable time prior to the trial of the present petitioners. This was a second trial of the same offense by the petitioners-defendants who had not been apprehended and could not be brought to trial sooner.

The important thing in the review of the transcript of this trial is an impression that the trial judge was making an extreme effort at fair and equitable conduct of the course of the trial, that it be kept on an even keel, and that the courtroom be strictly a forum for factual disposition of alleged violation of the law. If it is this Court's place to comment upon a trial court's conduct, this Court feels that the trial court's conduct under consideration here was eminently fair and any now alleged violations of the constitutional rights of the defendants were precipitated in the main by the defendants or their counsels' comments or actions.

The Court will treat the petition of Esaw Mitchell first.

At trial, Robert Lewis testified in his own behalf but Esaw Mitchell did not. Raymond Forchion, one of the five people previously convicted, took the stand on behalf of Robert Lewis. On cross-examination, counsel for Esaw Mitchell attempted to demonstrate what he claimed to be the marked physical similarity between petitioner, Esaw Mitchell, and

Forchion in order to prove that the rape victim was mistaken when she identified petitioner, Esaw Mitchell, as one of the rapists.

To demonstrate this similarity, counsel asked Esaw Mitchell to arise from his chair, walk around, and stand before the jury. He then had the witness, Forchion, come down from the witness stand and place himself beside petitioner before the jury. As part of its instructions to the jury the trial court charged:

"* * * A defendant in a criminal proceeding may testify in his own behalf if he so desires, although he cannot be compelled to be a witness against himself, but when the accused is upon trial and the evidence tends to establish facts which if true would be conclusive of his guilt of the charge against him, and he can disprove them by his own oath as a witness, if the facts be not true, then by his silence the jury may infer that he could not truthfully deny the charge."

During summation defense counsel (see page 273 of transcript) and the prosecutor (see page 305 of transcript) also commented on petitioner's failure to testify. The jury returned a guilty verdict.

The trial judge's and the prosecutor's comments were in accordance with State v. Corby, 28 N.J. 106, 145 A.2d 289 (1958), which was the existing law at the time of petitioner's trial (June 8, 9, 10, 11, 12 and 15, 1964).

Petitioner Esaw Mitchell appealed his conviction, on the same grounds now presented to this Court, to the Superior Court of New Jersey, Appellate Division, which denied petitioner's application on April 26, 1966. The New Jersey Supreme Court denied certification on November 15, 1966. Petitioner then sought and was denied post-conviction relief from the Courts of New Jersey. Petitioner has exhausted his available State Court remedies pursuant to 28 U.S.C. § 2254, and his petition is, therefore, properly before this Court.

The petition of Esaw Mitchell presents the question of whether an accused, tried in June of 1964, who, of his own volition, undertakes a demonstration before a jury in order to show he had been mistakenly identified by the victims of a crime, is subject to comment by the trial judge and/or prosecutor that he did not take the witness stand, thereby allowing the jury to consider his failure to deny inculpating facts.

The charge of the Court, now under attack, was given at a time when the federal law had been annunciated in Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). This law was followed by the Courts of New Jersey in State v. Corby, 28 N.J. 106, 145 A.2d 289 (1958) to such an extent that it was eventually molded into a statute of the State of New Jersey, N.J.S. 2A:84A–17(4), N.J.S.A., and used by the Courts of the State of New Jersey and was actually the law of the land at the time the charge was given. It was changed subsequently by Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

The difficulty of the learned trial judge attempting to prepare his charge during the course of a trial is made the more obvious when one recognizes at the time of the charge in the case under consideration the law was one thing and since then Griffin v. State of California has held that the court or prosecutor cannot make comment on the failure of the defendant to testify; later the Supreme Court, in Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453, decided January 19, 1966, two years subsequent to our present matter, held that Griffin will not be applied retrospectively but would apply to cases on direct review. See footnote on page 409, 86 S.Ct. on page 461. However, this Court is of the opinion that the factual circumstance in the present petition is such that Griffin v. State of California is not applicable.

The Court is in complete accord with the Supreme Court of New Jersey

wherein it said, in State v. Fioravanti, 46 N.J. 109 (1965), concerning demonstrative evidence, at page 120, 215 A.2d 16 at page 22:

" * * * * But when a defendant himself undertakes a demonstration which is intended to refute a part of the State's evidence, he may go beyond being a mere neutral, inert subject of a comparison and become the communicant of a testimonial claim. So here, while a police officer testified he took the trousers from Fioravanti, Fioravanti by his demonstration said this was not true; that the trousers were not his; and that the falsity of the officer's testimony is demonstrated by the fact that the trousers obviously did not fit notwithstanding that defendant's weight at trial is the same as it was at the time of the arrest. All of this was necessary for the point defendant sought to make by his nonverbal communication. Without his assertion with respect to an inherent variable, a subject within his own control, i.e., his weight, the demonstration could mean nothing."

The petitioner-defendant's demonstration in this instance, which amounted to an attempt to refute a part of the State's evidence, consisted of his attempt to demonstrate to the jury what he claimed to be the marked physical similarity between himself and the previously convicted defense witness, Raymond Forchion, in order to prove that the victim was mistaken when she identified petitioner, Esaw Mitchell, as one of the rapists.

██ ██ This Court, therefore, holds that where a defendant, while not actually assuming the stand and testifying during the course of the trial, indulges in demonstrative conduct which, in effect, puts into issue the truthfulness or correctness of the State's case against him, he thereby opens the door for *fair comment* by the trial judge and prosecutor under the *Caminetti* decision; and that the action of the defendant in this particular instance invited such comment by the trial judge, which comment was not unfair or unwarranted especially when a review of the transcript in the matter discloses that the defense counsel argued for three pages of the transcript regarding the identification of the defendant, Mitchell, and the defendant's witness, Forchion, and, in effect, was the first to comment upon the defendant's failure to take the stand.

For the reasons herein noted, no conduct of the trial judge in this matter is seen to be unfair in the constitutional sense.

The application of petitioner, Esaw Mitchell, is denied.

The Court will next treat the petition of Robert Lewis.

As has been previously stated, a convicted co-defendant, Raymond Forchion, took the stand at trial as a defense witness for Robert Lewis. On cross-examination, the prosecutor made use of an unsigned statement of defense witness Forchion, which, in part, described Robert Lewis' participation in the charged offenses.

Petitioner, Robert Lewis, alleges in his petition that he is being illegally detained for the reasons that the use of this statement amounted to constitutional error, and that he received consecutive sentences for a single criminal transaction, and that a previously convicted co-defendant was the only witness to place petitioner at the scene of the crime.

Petitioner appealed his convictions of rape, kidnapping, atrocious assault and battery, and carrying a concealed weapon, on the same grounds presented here, to the New Jersey Superior Court, Appellate Division. The Superior Court affirmed the convictions of rape, kidnapping, and atrocious assault and battery, but, remanded the case to the trial court for *resentencing* upon the rape and kidnapping counts. However, the Superior Court did not consider the validity of the conviction for carrying a concealed weapon, reasoning that the sentence on this charge was concurrent with the much longer terms imposed on the other

charges. The New Jersey Supreme Court affirmed the Superior Court, Appellate Division, except as to the failure of the Appellate Division to consider the validity of the conviction for carrying a concealed weapon, and, as to that issue, the matter was remanded for consideration and disposition. On remand, the Appellate Division reversed the judgment of conviction for carrying a concealed weapon and entered a judgment of acquittal.

■ Petitioner has sufficiently exhausted his State remedies, as required by 28 U.S.C. § 2254, even though no post-conviction relief was sought in New Jersey Courts. This requirement is satisfied when a conviction is appealed unsuccessfully through at least one branch of the State Appellate process on the same grounds advanced here, since the State thereby has been afforded the initial opportunity to cure alleged constitutional defects in its administration of criminal justice. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ With respect to petitioner's allegation that the use of an unsigned statement of a defense witness during cross-examination amounted to constitutional error, the Court notes that the trial judge cautioned the jury in a lengthy instruction that the only purpose of the introduction of the statement or permitting questions to be asked concerning the statement was to effect the credibility of the particular defense witness, Raymond Forchion. This Court finds no constitutional error; the use of the statement for impeachment purposes only was within the scope of proper cross-examination.

The record contradicts petitioner's allegation that he received consecutive sentences for a single criminal transaction.

■ The trial court had originally sentenced petitioner to consecutive sentences of 30–35 years (kidnapping carries a minimum sentence of 30 years, N.J.S.A. 2A:118–1, N.J.S.A.); 14–15 years for rape, and 6–7 years for atrocious assault and battery; a total sentence of 50 to 57 years. As a consequence of the New Jersey Superior Court's, Appellate Division, decision to remand the case to the trial court for re-sentencing, petitioner is presently under sentences totaling 36 to 42 years. Petitioner was resentenced to 14 to 15 years for rape to run concurrently with a sentence of 30 to 35 years for kidnapping, and, in addition, was sentenced to a consecutive term of 6 to 7 years for atrocious assault and battery. It is the imposition of the consecutive sentence for atrocious assault and battery which petitioner, Robert Lewis, alleges contravenes the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The record reveals that petitioner's sentence for atrocious assault and battery is distinct from the sentences imposed for kidnapping and rape, in that a male was the victim of the atrocious assault and battery and that a female was the victim of the kidnapping and rape. The Court finds no merit in petitioner's allegation that he received a consecutive sentence for a single criminal transaction.

■ The petitioner's remaining allegation, that a previously convicted co-defendant testifying for the State was the only witness to place petitioner at the scene of the crime, is not of proper constitutional dimension to merit habeas corpus relief.

For the reasons noted, the application of petitioner, Robert Lewis, is denied.

Wherefore, it is on this 16th day of May, 1968, ordered that the petition of Esaw Mitchell for a writ of habeas corpus be and the same is hereby denied.

It is, likewise, ordered on this 16th day of May, 1968, that the petition for a writ of habeas corpus filed by Robert Lewis be and the same is hereby denied.

The Court is of the opinion that a Certificate of Probable Cause is warranted in the matter of U.S.A., ex rel. Robert Lewis v. Howard Yeager, Civil No. 465–67, and, also, in the matter of

U.S.A., ex rel. Esaw Mitchell v. Warren Pinto, Civil No. 671–67. Upon appropriate applications having been made, Certificates of Probable Cause will be deemed to have been granted.