408 S.E.2d 263 (1991)
Gregory Michael DOWELL
v.
COMMONWEALTH of Virginia.
Record Nos. 0417-90-2, 0418-90-2.
Court of Appeals of Virginia.
August 20, 1991.
Rehearing En Banc Granted October 17, 1991.
*264 Stephen A. Palmer, for appellant.
Linwood T. Wells, Jr., Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on brief), for appellee.
Present: BAKER, BENTON and ELDER, JJ.
ELDER, Judge.
Gregory Michael Dowell, the defendant, was convicted of unauthorized use of an automobile and contributing to the delinquency of a minor. On appeal, he asserts that the trial court erred in overruling his motion in limine, thereby allowing the Commonwealth to impeach the defendant's testimony by asking if he had ever been convicted of a misdemeanor involving moral turpitude. We agree and reverse.
On February 15, 1990, the defendant was tried for breaking and entering, unauthorized use of an automobile and contributing to the delinquency of a minor. The defense made a motion in limine that the Commonwealth be prohibited from asking the defendant whether he had ever been convicted of a misdemeanor involving moral turpitude. Specifically, the defense stated that the defendant had previously been tried for grand larceny. The defendant pled not guilty to the grand larceny charge, but was found guilty of petit larceny. As of the February 15, 1990 trial, no final order had been entered on the jury's verdict and the defendant had not been sentenced. The defense argued that it would be improper to use the petit larceny conviction to impeach the defendant because: "He has not yet been sentenced on it. It is not final. It is appealable because he pled not guilty." This motion was denied.
On cross-examination, the defendant was asked: "Have you ever been convicted of a misdemeanor of bad moral character such as petty [sic] larceny, passing bad checks, things of that sort?" The defendant responded that he had been convicted of one such offense. Thereafter, the defendant was convicted of unauthorized use of an automobile and contributing to the delinquency of a minor. The defense moved to set aside the verdict on the basis of the court's ruling that the defendant could be impeached by the petit larceny conviction. This was denied.
Evidence of a prior conviction of a misdemeanor involving moral turpitude is admissible to impeach the credibility of a witness. Johnson v. Commonwealth, 2 Va.App. 447, 456, 345 S.E.2d 303, 308 (1986). "Moral turpitude" is defined as "an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." Chrisman v. Commonwealth, 3 Va.App. 89, 99, 348 S.E.2d 399, 404 (1986) (quoting Parr v. Commonwealth, 198 Va. 721, 724, 96 S.E.2d 160, 168 (1957)). The Supreme Court of Virginia has recognized petit larceny as an offense involving moral turpitude, stating: "[F]ew crimes are baser than larceny or discredit more the credibility of a witness." Bell v. Commonwealth, 167 Va. 526, 539, 189 S.E. 441, 447 (1937). The defendant could properly be impeached by proving a conviction of petit larceny.
The issue for decision is whether the defendant, for purposes of impeachment, stood convicted of petit larceny at the time of the February 15, 1990 trial. It is well established that evidence that a *265 witness has merely been indicted for a crime is inadmissible for impeachment purposes. Smith v. Commonwealth, 155 Va. 1111, 1121, 156 S.E. 577, 581 (1931). This Court has held that a witness has the status of a convicted felon, for impeachment purposes, when the court accepts voluntary guilty pleas. Fields v. Commonwealth, 5 Va.App. 229, 234, 361 S.E.2d 359, 362 (1987). This is true even if the defendant has not yet been sentenced. Id. (citing Lincoln v. Commonwealth, 217 Va. 370, 371, 228 S.E.2d 688, 689 (1976)). Also, "the pendency of an appeal does not preclude use of a conviction for impeachment purposes." Peterson v. Commonwealth, 225 Va. 289, 297, 302 S.E.2d 520, 526, reh'g denied, 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983).
However, no Virginia case has decided whether a jury's verdict of guilt, without more, is sufficient to constitute a conviction for impeachment purposes. See generally Annotation, Permissibility of Impeaching Credibility of Witness by Showing Verdict of Guilt Without Judgment of Sentence Thereon 28 A.L.R. 4th 647 (1984).
The Commonwealth relies on Fields for the proposition that the defendant had the status of a convicted felon after the jury returned a guilty verdict, even though the defendant pled not guilty and no judgment or sentence had been entered on the verdict. However, Fields is distinguishable from the instant case. In Fields, the defendant pled guilty; here, the defendant pled not guilty. The Commonwealth's argument overlooks the differences between the two pleas.
The Virginia Supreme Court has stated:
[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.
Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278, cert. denied, ___ U.S. ___, 111 S.Ct. 229, 112 L.Ed.2d 184 (1990) (quoting Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969)). "A plea of guilty that is voluntarily and intelligently made by an accused is a conviction and nothing is left but the imposition of the prescribed punishment." Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 340 (1970). By pleading guilty, the defendant waives many important constitutional rights, such as the privilege against self-incrimination, the right to a trial by jury, the right to confront witnesses, the right to demand that the prosecution prove its case beyond a reasonable doubt, and the right to object to illegally obtained evidence. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969); see generally Bacigal, Virginia Criminal Procedure § 15-3 (1989).
Where, as in the present case, the defendant pleads not guilty, these rights are not waived. A plea of not guilty "controverts the existence of every fact essential to establish the accused's guilt." Williams v. Commonwealth, 234 Va. 168, 181, 360 S.E.2d 361, 369 (1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). Such a plea "also contests the validity and admissibility of a confession." Id.
The entry of a plea of not guilty is not a waiver of the defendant's right to demand that the prosecution prove its case beyond a reasonable doubt. Therefore, "[i]f the jury returns a verdict of guilty, the court may ... set aside the verdict for error committed during the trial or if the evidence is insufficient as a matter of law to sustain a conviction." Rule 3A:15(b). The availability of such a remedy detracts from the finality of the jury's verdict and consequently the reliability of such a verdict for impeachment purposes.
The Commonwealth asserts that, even if the trial court erred in denying the motion in limine, any error was harmless. We disagree. The defendant's credibility was *266 crucial. If the jury had believed his testimony there could have been no conviction.
In conclusion, the fundamental differences between a plea of guilty and not guilty distinguish Fields from the present case. Therefore, we hold that the trial court erred in denying the defendant's motion in limine, thereby allowing the defendant to be impeached through the use of the finding of guilt. Consequently, we reverse the convictions and remand the cases for a new trial if the Commonwealth be so advised.
Reversed and remanded.
BAKER, Judge, dissenting.
I respectfully disagree with the finding of the majority. The majority acknowledges several cases which permit prior convictions to be shown for impeachment purposes, including Fields v. Commonwealth, 5 Va.App. 229, 361 S.E.2d 359 (1987). It distinguishes Fields from the case before us on the sole basis that Fields pled guilty while appellant pled not guilty. The majority asserts that because Rule 3A:15(b) permits the trial court to set aside a jury conviction, "[t]he availability of these remedies detracts from the finality of the jury's verdict and consequently the reliability of such verdict for impeachment purposes."
In Peterson v. Commonwealth, 225 Va. 289, 302 S.E.2d 520, cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983), the defendant pled not guilty. A specific issue raised in that case was whether the evidence of prior convictions to which Peterson had pled not guilty was admissible to impeach him in a separate trial being held while the prior convictions were on appeal. The Court held that "the pendency of an appeal does not preclude the use of a conviction for impeachment purposes." Id. at 297, 302 S.E.2d at 526. The power of the appellate court to set aside a jury conviction for error committed during trial, or for the insufficiency of evidence to sustain a conviction, is the same as that of the trial court.
The majority asserts that the availability of the remedies provided by Rule 3A: 15(b) "detracts from the finality of the jury's verdict and consequently the reliability of such verdict for impeachment purposes." I am of opinion that the same "detraction" exists while the case is pending on appeal.
For the reasons stated, I would affirm the judgment of the trial court.

UPON A PETITION FOR REHEARING EN BANC

BEFORE THE FULL COURT
On September 3, 1991 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on August 20, 1991 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on August 20, 1991 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in these cases.