COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


BOBBY F. COLLINS

v.          Record No. 1544-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                  OCTOBER 10, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                William F. Rutherford, Judge

        Andrew M. Sacks (Sacks, Sacks & Imprevento, on brief),
        for appellant.

        Steven Andrew Witmer, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


        Bobby F. Collins (appellant) appeals from his bench trial

conviction of aggravated sexual battery by the Circuit Court of

the City of Norfolk (trial court). Appellant contends that the

evidence was (1) insufficient to support the verdict and (2)

inherently incredible. The Commonwealth contends that the appeal

should be dismissed without further consideration because

appellant failed to make a motion to strike the evidence when the

Commonwealth rested, or renew, or move to strike when appellant

rested his case.

        When sufficiency of the evidence is at issue on appeal, the

evidence must be viewed in the light most favorable to the

Commonwealth, and the evidence must be accorded all reasonable

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The trial court's verdict will not be disturbed unless it was plainly wrong or without evidence to support it.  Code § 8.01-680; Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385 (1984); Albert v. Commonwealth, 2 Va. App. 734, 741-42, 347 S.E.2d 534, 538-39 (1986).

At the time of the trial, the victim was seven years old and in the second grade at school.  No challenge was made as to her qualification to testify.  Appellant, an eighteen-year-old man, would occasionally baby-sit the victim at her home.  During the year preceding the trial date, between September and October of 1992, appellant was baby-sitting the victim.  The victim testified that appellant took her to an upstairs bedroom where he "pulled down [her] pants," and "put his thing" around her while his pants were down.  She said that his "thing" was called a "ding-a-ling," and pointing to the area of her vagina, she added that he rubbed his "ding-a-ling" in that area.  She further testified that she had a disease that caused her to go to a doctor.

The victim's mother, Kiwanda Davis, testified that between September and October of 1992, the victim complained "about being sore in her vagina area," and that mother "checked her panties" and noticed "a lot of discoloration and a lot of chapness, and the smell was real bad, so I took her to King's Daughter's

Hospital."  Lab tests were performed and the victim was diagnosed as having Chlamydia.  Chlamydia is a sexually transmitted disease.

Norfolk Police Officer J. G. Ingram testified that he investigated the complaint that the victim had been sexually assaulted.  He interviewed appellant who admitted that while baby-sitting for the victim around the time the crime is alleged to have occurred, he touched appellant's vagina with his hand but that it may have been an accident.  Appellant also told Ingram that he thought he had a venereal disease for which he took penicillin that he had on hand.

Appellant testified in his behalf and denied having a venereal disease.  He admitted that on the night on which the complaint arose he baby-sat the victim and that on that night he touched the victim, but he said that at the time he did so, she had all her clothes on.  He said: "I probably pushed her on her vagina," and "I probably touched her in her private part."

At trial, appellant failed to make a motion to strike the Commonwealth's evidence when the Commonwealth rested or at the conclusion of the presentation of all the evidence.  Nor did he, as he does on appeal, state any reason that the evidence was insufficient because the child's testimony was incredible. Except to meet the requirements of the ends of justice provisions of Rule 5A:18, an appellate court cannot review the actions of the lower court unless the ground urged on appeal is set forth in

the trial record.  See McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 740 (1987), and cases there cited.

Appellant argues that notwithstanding Rule 5A:18, the testimony of the seven-year-old victim is incredible and insufficient to support his conviction.  Appellant's explanation and the victim's inconsistencies were all presented to the trier of fact together with the evidence that supports his conviction.  When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or defendant's account of the facts.  Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).  Similarly, the fact finder is not required to believe all aspects of a defendant's statement or testimony; the trial judge as the trier of fact may reject that which he finds implausible, but accept other parts which he finds to be believable.  Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).  Thus, the trial court was entitled to accept only those parts of the witnesses' and appellant's testimony concerning how the touching occurred which the court found to be plausible and credible.  Moreover, the trial judge is in the best position to weigh any inconsistencies in a witness's testimony.  See Swanson v. Commonwealth, 8 Va. App. 376, 382 S.E.2d 202 (1984).

Although appellant asserts that it may have been an accident when he touched the victim's vagina, when viewed with the testimony of the victim, it is clear that there is no

justification to invoke the ends of justice provisions of Rule 5A:18. In determining whether the evidence is sufficient, when the defense presents evidence, we review the record including the evidence presented by appellant. Hargraves v. Commonwealth, 219 Va. 604, 605, 248 S.E.2d 814, 815 (1978); Spangler v. Commonwealth, 188 Va. 436, 438, 50 S.E.2d 263, 266 (1948). In reviewing this record, we find no justification for invoking the ends of justice provision of Rule 5A:18.

This Court has repeatedly held that in the absence of a reason to invoke the ends of justice provision, the failure to make the appropriate motions to strike or set aside the verdict, none of which were made in this case, bars our consideration of insufficiency arguments. E.g., Fields v. Commonwealth, 5 Va. App. 229, 236, 361 S.E.2d 359, 363 (1987) (citing White v. Commonwealth, 3 Va. App. 231, 234, 348 S.E.2d 866, 868 (1986)). Therefore, pursuant to Rule 5A:18, upon the evidence contained in this record, appellant's request that we reverse his conviction is denied.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.