COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


DEMETRIUS O'NEAL BELL
                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0861-95-2   JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 11, 1996
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Von L. Piersall, Jr., Judge

           Dianne G. Ringer, Assistant Public Defender,
           for appellant.

           Eugene Murphy, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     On appeal from his jury trial convictions of second degree

murder, attempted murder in the second degree, and two

corresponding firearm charges, Demetrius O'Neal Bell contends (1)

that the trial court erred in refusing his proffered jury

instruction precluding an inference of malice from his possession

of a deadly weapon, (2) that the trial court erred in denying his

motion to set aside the verdict based on nondisclosure of

additional felony convictions of a Commonwealth's witness, and

(3) that the evidence is insufficient to support his convictions.

 We find no error and affirm the judgment of the trial court.

     On August 14, 1994, at approximately 6:30 p.m., Germaine

Green confronted Bell about a gun Bell had borrowed four months

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

earlier and had not returned.  Green approached Bell from behind, punched him in the face, put him in a choke hold, and tried to break his arm.  Green's younger brother, Laron Gist, was present during this encounter.

Later that same evening, Green and Gist went looking for Bell.  Green had a gun in his back pocket.  Seeing a group of six to eight people, including Bell, standing across the street, Green and Gist crossed the street toward them.  At that time, they had nothing in their hands.  Seeing them, Bell fired one shot at Gist, killing him.  He then fired three or four times at Green, who turned and ran.

Bell testified that he saw Gist "raising up like that," and thought Gist had a gun.  He also testified that Green fired at him first and he returned fire.  Bell had obtained his weapon that evening.

The trial court gave the following instructions:

> Instruction 4.
>     The Court instructs the jury that you may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed.
>
>     A "deadly weapon" is any object or instrument, not a part of the human body, that is likely to cause death or great bodily injury because of the manner, and under the circumstances, in which it is used.
>
> Instruction 19.
>
>     The Court instructs the jury that if you believe that the defendant was without fault in provoking or bringing on the difficulty,

and if you further believe that the defendant reasonably feared, under the circumstances as they appeared to him, that he was in danger of being killed or that he was in danger of great bodily harm, then the killing was in self-defense and you shall find the defendant not guilty.

Instruction 20.

The Court instructs the jury that if you believe that the defendant was without fault in provoking or bringing on the difficulty, and if you further believe that the defendant reasonably feared, under the circumstances as they appeared to him, that he was in danger of being killed or that he was in danger of great bodily harm, then the attempted killing was in self-defense and you shall find the defendant not guilty.

Instruction 21.

The Court instructs the jury that in passing upon the danger, if any, to which the defendant was exposed, you will consider the circumstances as they reasonably appeared to the defendant.

The trial court refused the following jury instruction, which was proffered by Bell:

Instruction D-1.

The Court instructs that when a person reasonably apprehends that another intends to attack him for the purpose of killing him or doing him serious bodily harm, then such person has a right to arm himself for his own necessary self-protection, and in such case, no inference of malice can be drawn from the fact that he prepared for it.

Contending that the refusal of Instruction D-1 was error, Bell argues that this denied the jury the opportunity to assess all the evidence in light of his self-defense claim.

On review of the refusal of a jury instruction, we view the evidence in the light most favorable to the proponent of the instruction. Martin v. Commonwealth, 13 Va. App. 524, 526, 414 S.E.2d 401, 401 (1992). However, "'[w]hen granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'" Willis v. Commonwealth, 10 Va. App. 430, 444, 393 S.E.2d 405, 412 (1990) (citation omitted).

Instructions 19 and 20 directed the jury to acquit Bell of the murder and attempted murder charges if it found that he was not at fault in bringing on the difficulty and "reasonably feared" that he was in danger. Instruction 21 directed the jury to examine the circumstances from Bell's perspective. These instructions fully covered the self-defense issue. The Commonwealth made no contention that malice or criminal intent should be imputed to Bell simply by virtue of his being armed. Thus, Instruction D-1 addressed no issue in the case.

Bell next contends that the trial court erred in denying his motion to set aside the verdict when a Commonwealth's witness testified falsely about his prior record. At trial, Eugene Ransom admitted that he had been convicted of two habitual offender offenses, possession of cocaine, possession of heroin, possession of a firearm, and petit larceny. Subsequent to Bell's trial in February, 1995, but prior to sentencing, Bell's counsel discovered that Ransom had pled guilty in December, 1994 to

forgery, uttering, and grand larceny.  He had not yet been sentenced on the charges.  The Commonwealth failed to disclose the December 24 pleas despite a proper motion for discovery.

> [T]he Commonwealth must turn over evidence favorable to an accused that is material to either guilt or punishment.  In United States v. Bagley, 473 U.S. 667 (1985), the Court set forth the test for materiality, finding that evidence is material, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Id. at 682.

Hughes v. Commonwealth, 18 Va. App. 510, 525, 446 S.E.2d 451, 460-61 (1994) (en banc) (citation omitted).  We have held that a witness becomes a convicted felon, for impeachment purposes, when a court accepts his voluntary guilty plea.  This is true even though the witness has not yet been sentenced.  Fields v. Commonwealth, 5 Va. App. 229, 234, 361 S.E.2d 359, 362 (1987).  "The non-disclosure of such evidence requires reversal, however, only if it is material within the meaning of that term as defined in Bagley."  Jeffries v. Commonwealth, 6 Va. App. 21, 28, 365 S.E.2d 773, 777 (1988).

The trial court ruled that the undisclosed additional convictions could not "in any reasonable likelihood have affected the judgment of the jury in this case based on all the evidence that was presented as well as the impeachment evidence that was in fact presented of this particular witness."  The record supports this holding.  Ransom was subjected to substantial impeachment on his extensive criminal record.  No reasonable

likelihood exists that disclosure of his other felony convictions would have affected the jury's judgment. See Fitzgerald v. Bass, 6 Va. App. 38, 52-55, 366 S.E.2d 615, 623-24 (1988), cert. denied, 493 U.S. 945 (1989).

Finally, Bell contends that the evidence was insufficient to support his convictions. In addressing this issue, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

It is undisputed that Gist was not armed when he was shot and killed by Bell. Green testified that he had not drawn his weapon or fired at Bell when Bell shot Gist. The jury rejected Bell's claim of self-defense. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The testimony of Green and Ransom was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Bell was guilty of second degree murder of Gist, attempted second degree murder of Green, and the attendant firearm charges.

The judgment of the trial court is affirmed.

Affirmed.
