COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


GARY DEAN PERRY
                                           OPINION BY
v.    Record No. 2573-99-2          JUDGE NELSON T. OVERTON
                                        SEPTEMBER 12, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  William H. Ledbetter, Jr., Judge

            S. Jane Chittom, Appellate Counsel (Public
            Defender Commission, on briefs), for
            appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     In the trial court, appellant, utilizing the procedure

approved in North Carolina v. Alford, 400 U.S. 25 (1972), entered

pleas of guilty to grand larceny and to breaking and entering.

Appellant contends that because the Commonwealth's evidence failed

to prove the structure allegedly entered was a structure

permanently affixed to realty or other structure included in Code

§§ 18.2-90 and 18.2-91, the evidence was insufficient as a matter

of law to convict him of breaking and entering pursuant to his

Alford plea.  We hold that appellant waived his right to challenge

the sufficiency of the evidence.  Therefore, we affirm.

     The record affirmatively establishes that the trial court

fully advised appellant of his rights and extensively questioned

appellant with respect to his understanding of the consequences of entering an Alford plea. Appellant acknowledged that he knew he was giving up his right to a jury trial, giving up his right to confront and cross-examine witnesses against him, and that he was probably giving up his right to appeal any decisions made by the trial court by entering an Alford plea.[1] Appellant agreed that he was pleading guilty under the conditions approved in Alford due to the evidence against him and his desire to avoid the risk of a jury trial, although he was not admitting that he committed the offenses. Appellant acknowledged that he was pleading guilty freely and voluntarily after consulting with his attorney. The Commonwealth summarized the evidence against appellant. The trial court then accepted appellant's pleas, finding they were freely, voluntarily, and intelligently made, and found appellant guilty beyond a reasonable doubt of both charges.

On appeal, appellant makes no claim that his Alford plea was entered involuntarily or unintelligently or that it was entered under fear, duress, coercion, fraud, or official misrepresentation. In addition, appellant makes no claim that he misunderstood the effect of his Alford plea. Rather, appellant contends that the evidence was insufficient to convict

---

[1] Appellant did not argue to the trial court and he does not argue on appeal that he misunderstood his rights with respect to whether he waived his right to appeal the sufficiency of the evidence by entering an Alford plea.

-

him of breaking and entering because the Commonwealth failed to prove that the structure allegedly entered was a structure permanently affixed to realty or other structure included in Code §§ 18.2-90 and 18.2-91.  Appellant argues that by entering the Alford plea to breaking and entering he did not waive his right to raise this sufficiency issue on appeal.  In addition, appellant argues that, although he did not raise this sufficiency argument in the trial court, his appeal should not be barred by Rule 5A:18 because the "ends of justice" exception applies to his case.

> Under an Alford plea, a defendant maintains innocence while entering a plea of guilty because the defendant concludes that his interests require entry of a guilty plea and the record before the court contains strong evidence of actual guilt. . . . Guilty pleas must be rooted in fact before they may be accepted.  Accordingly, courts treat Alford pleas as having the same preclusive effect as a guilty plea.

Cortese v. Black, 838 F. Supp. 485, 492 (D. Colo. 1993) (citing Alford, 400 U.S. at 37).  In Virginia, it is well settled that a voluntary and intelligent guilty plea by an accused is "'a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.'"  Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (quoting Savino v. Commonwealth, 239 Va. 534, 539, 391

-

S.E.2d 276, 278 (1990)), <u>aff'd on reh'g en banc</u>, 14 Va. App. 58, 414 S.E.2d 440 (1992).

Thus, under the circumstances of this case, by freely and intelligently entering an <u>Alford</u> plea to the breaking and entering charge, appellant waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of that charge.

For this reason, we affirm appellant's convictions.

<u>Affirmed.</u>