COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


CHARLES MAYLAND LIMBRICK
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2568-99-2         JUDGE SAM W. COLEMAN III
                                          DECEMBER 12, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                   William H. Ledbetter, Jr., Judge

          Michael R. McCarthy (Jarrell, Hicks, Sasser &
          McCarthy, P.C., on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Charles Mayland Limbrick was indicted and tried for

statutory burglary in violation of Code § 18.2-91 and grand

larceny in violation of Code § 18.2-95 for his part in breaking

and entering seventeen manufactured mobile homes.  The mobile

homes were on display and serving as models on a mobile home

sales lot located in Spotsylvania County.  Limbrick stole

appliances and furniture from nine of the homes.  Following a

jury trial, while the jury was deliberating, but before

returning its verdicts, Limbrick pled guilty to single counts of

---

        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

statutory burglary and grand larceny, and the court accepted his guilty pleas pursuant to the holding in North Carolina v. Alford, 400 U.S. 25 (1970). On appeal of the statutory burglary conviction, Limbrick attempts to raise two issues: (1) whether the trial court erred, prior to his pleading guilty, in denying his motion to strike the evidence as to statutory burglary because the Commonwealth failed to prove that the mobile homes were permanently affixed to realty, and (2) whether the trial court erred, prior to his pleading guilty, in refusing to instruct the jury that, as to statutory burglary, they must find the mobile homes were permanently affixed to the realty.

Because a defendant who has entered an Alford plea may, on appeal, only challenge the jurisdiction of the trial court, Perry v. Commonwealth, 33 Va. App. 410, 412-13, 533 S.E.2d 651, 653 (2000), the dispositive issue is whether Limbrick's two questions presented on appeal raise a jurisdictional issue. We find that neither of the two questions raises a jurisdictional issue, but rather raises questions of alleged trial error. Because Limbrick waived his right to appeal any claims of trial error by pleading guilty, we dismiss the appeal and we do not decide whether the trial judge correctly construed the elemental requirements of Code § 18.2-91 or correctly instructed the jury as to the elements of the offense.

## PROCEDURAL BACKGROUND

At trial, Limbrick pled not guilty to one count of statutory burglary and one count of grand larceny and elected to be tried by a jury. At the close of the Commonwealth's case, Limbrick moved to strike the evidence as to the burglary charge, arguing that in order to be convicted of a violation of Code § 18.2-91, the Commonwealth must prove that the manufactured mobile homes were affixed to the realty and the Commonwealth had failed to prove that fact. The trial judge denied the motion, ruling that the 1985 amendment to Code § 18.2-90, by specifically designating "manufactured home" as a structure subject to burglary, abolished the requirement that a manufactured home be affixed to realty in order to constitute a violation under Code § 18.2-91. In accordance with that same ruling, the trial judge denied Limbrick's proffered jury instruction on statutory burglary that contained a requirement that the "manufactured home" must be permanently affixed to realty in order to be the subject of statutory burglary.

After Limbrick entered his Alford plea, but prior to sentencing, he filed a motion to set aside the statutory burglary conviction. The trial court denied the motion, finding that Limbrick's plea "was accepted by the Court" and that the plea barred his "ability to raise this or any non-jurisdictional issue." Thereafter, the trial court sentenced Limbrick and entered the conviction order.

ANALYSIS

> Under an <u>Alford</u> plea, a defendant maintains innocence while entering a plea of guilty because the defendant concludes that his interests require entry of a guilty plea and the record before the court contains strong evidence of actual guilt . . . . Guilty pleas must be rooted in fact before they may be accepted. Accordingly, courts treat <u>Alford</u> pleas as having the same preclusive effect as a guilty plea.

<u>Perry</u>, 33 Va. App. at 412, 533 S.E.2d at 652-53 (citations omitted). A voluntary and intelligent plea of guilty "is a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal." <u>Dowell v. Commonwealth</u>, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (internal quotation and citation omitted), <u>aff'd</u> <u>on</u> <u>reh'g</u> <u>en</u> <u>banc</u>, 14 Va. App. 58, 414 S.E.2d 440 (1992); <u>see</u> <u>also</u> <u>Clauson v. Commonwealth</u>, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999) (holding that a plea of <u>nolo</u> <u>contendere</u>, like a guilty plea, constitutes a waiver of the right to appeal all non-jurisdictional issues).

Limbrick attempts to frame his claims as raising jurisdictional issues by asserting that he entered an <u>Alford</u> plea only after the trial court refused to properly instruct the jury regarding the applicable law defining the basic elements of the offense of statutory burglary. He reasons that his plea was

not a knowing and voluntary plea because he entered it only because the trial court had "misinformed [him] regarding the law" and the elements of the offense to which he pled guilty.

"The term 'subject matter jurisdiction' refers to the power granted to the courts by constitution or statute to hear specified classes of cases." Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (citation omitted). There is a distinction, however, between subject matter jurisdiction and the authority of a court to exercise that power in a particular case. See Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000).

> [Subject matter jurisdiction] cannot be waived and any judgment rendered without it is void ab initio. Moreover, lack of subject matter jurisdiction "may be raised at any time, in any manner, before any court, or by the court itself." In contrast, "[a] court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction."

Id. (citations omitted).

Code § 17.1-513 provides that the circuit courts "shall . . . have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors." Here, it is clear that the circuit court had subject matter jurisdiction over the charged offense, a violation of Code § 18.2-91. In this case, we also find that

- 5 -

the court had authority to exercise that jurisdiction.

Moreover, we find unavailing any argument that the circuit court lacked authority to exercise that jurisdiction in the present case because the elements the Commonwealth was required to prove did not constitute an offense under the statute.

Here, Limbrick was charged with a violation of Code § 18.2-91, statutory burglary, and he was informed of the elements the Commonwealth was required to prove in order to sustain a conviction.  To the extent the trial court may have erroneously interpreted the statutory elements of the offense, such an error may provide a basis to appeal, but such an error does not divest the court of jurisdiction.  See generally Jimenez v. Commonwealth, 241 Va. 244, 250-51, 402 S.E.2d 678, 680-81 (1991) (holding that the court's failure to inform the jury of a material element of the offense charged and the failure of the Commonwealth to produce evidence relating to that element was reversible error).  See also Campbell v. Commonwealth, 14 Va. App. 988, 991-95, 421 S.E.2d 652, 654-56 (1992) (en banc) (holding that failure of the trial court to instruct the jury as to an essential element of the offense was a trial court error that could be considered on appeal for "good cause" despite the fact that no contemporaneous objection was made as required by Rule 5A:18), aff'd in part on other grounds, 246 Va. 174, 431 S.E.2d 648 (1993).

Limbrick entered an _Alford_ plea as to one count of statutory burglary in order to be sentenced by the trial judge and to avoid the possibility that the jury would impose a harsher sentence. After obtaining the benefit of entering a guilty plea, Limbrick now seeks to challenge on appeal those trial court rulings and alleged errors that occurred during the jury trial proceedings which were superceded by the guilty plea. "Where a conviction is rendered upon . . . a [guilty] plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal." _Peyton v. King_, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969). Because Limbrick voluntarily and knowingly entered an _Alford_ plea, he is precluded from challenging the alleged trial errors. _See_ _generally_ _Allen v. Commonwealth_, 27 Va. App. 726, 732, 501 S.E.2d 441, 444 (1998) (finding that defendant, who amended his plea during trial after he testified, does not waive any trial rights, but rather fully exercises them). The proper avenue for Limbrick to have challenged the alleged trial errors would have been to proceed with trial, obtain verdicts from the jury, and challenge the alleged errors on appeal.

Limbrick entered his _Alford_ plea knowingly, voluntarily, and intelligently. Before entering his plea, Limbrick was informed by the trial judge of the elements of the offense under Code § 18.2-91, as construed by the judge, that the Commonwealth was required to prove and of the evidence against him. That

became the law of the case. If the trial court erred by failing to properly instruct the jury or by erroneously construing the elements of the offense as defined by Code §§ 18.2-90 and 18.2-91, Limbrick's remedy was to proceed to final judgment and appeal the trial court's ruling. By pleading guilty under Alford, Limbrick waived his right to challenge whether the trial court erroneously instructed the jury and misinformed him as to the elements of the offense. Accordingly, we decline to consider these non-jurisdictional issues on appeal.

We, therefore, dismiss the appeal.

Appeal dismissed.