COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


THOMAS DANIEL PALENCHAR
                                MEMORANDUM OPINION[*] BY
v.    Record No. 0965-00-3        JUDGE ROBERT P. FRANK
                                        MAY 1, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                Porter R. Graves, Jr., Judge

        Peter J. Schwartz (Walter F. Green, IV, on
        brief), for appellant.

        Susan M. Harris, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Thomas Palenchar (appellant) was convicted, in a bench trial,

of possession with the intent to manufacture marijuana, in

violation of Code § 18.2-248.1.  On appeal, appellant contends the

trial court erred in denying his motion to suppress the drugs

seized.  For the following reasons, we affirm the judgment of the

trial court.

                     I.  BACKGROUND[1]

     Appellant was indicted for the possession of a firearm while

in possession of more than one pound of marijuana pursuant to Code

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] We do not recite the facts of the search because we do not
address the merits of that issue.

§ 18.2-308.4 and the possession of marijuana with the intent to manufacture pursuant to Code § 18.2-248.1. Appellant filed a motion to suppress the marijuana plants that were observed during a warrantless search of his residence. After a hearing on January 20, 2000, the trial court denied the motion to suppress.

On February 9, 2000, pursuant to a plea agreement with the Commonwealth, which was accepted by the trial court, appellant entered an Alford plea of guilty and was convicted of violating Code § 18.2-248.1. Appellant did not enter a conditional plea of guilty pursuant to Code § 19.2-254. Further, in accordance with the plea agreement, the trial court entered an order of nolle prosequi to the charge of violating Code § 18.2-308.4. The trial court determined appellant had entered into the plea agreement freely, voluntarily, and intelligently. Appellant was sentenced in accordance with the plea agreement.

Appellant appeals the trial court's denial of his motion to suppress.

## II. ANALYSIS

We have addressed the effect of an Alford plea in the context of a waiver of appeal. In Perry v. Commonwealth, 33 Va. App. 410, 533 S.E.2d 651 (2000), we wrote:

> "Under an Alford plea, a defendant maintains innocence while entering a plea of guilty because the defendant concludes that his interests require entry of a guilty plea and the record before the court contains strong evidence of actual guilt . . . . Guilty pleas must be rooted in fact before

-

they may be accepted. Accordingly, courts treat <u>Alford</u> pleas as having the same preclusive effect as a guilty plea." <u>Cortese v. Black</u>, 838 F. Supp. 485, 492 (D. Colo. 1993) (citing [<u>North Carolina v.</u>]<u>Alford</u>, 400 U.S. [25,] 37, 91 S. Ct. [160,] 167, [27 L.Ed.2d 162 (1970)]). In Virginia, it is well settled that a voluntary and intelligent guilty plea by an accused is "'a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.'" <u>Dowell v. Commonwealth</u>, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (quoting <u>Savino v. Commonwealth</u>, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990)), <u>aff'd on</u> <u>reh'g en banc</u>, 14 Va. App. 58, 414 S.E.2d 440 (1992). Thus, under the circumstances of this case, by freely and intelligently entering an <u>Alford</u> plea to the breaking and entering charge, appellant waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of that charge.

<u>Id.</u> at 412-13, 533 S.E.2d at 652-53.

A guilty plea further waives all preceding non-jurisdictional defects, including Fourth Amendment claims. <u>Terry v. Commonwealth</u>, 30 Va. App. 192, 197, 516 S.E.2d 233, 235-36 (1999) (<u>en</u> <u>banc</u>) (citations omitted).

Appellant does not contend that his <u>Alford</u> plea was entered involuntarily or unintelligently nor that he misunderstood the effect of his plea. In fact, in the plea agreement, appellant acknowledged that he waived his right to appeal. The trial court found that the guilty plea was voluntarily and intelligently made.

-

Thus, by freely and voluntarily entering a plea of guilty, appellant waived his right to appeal the denial of the motion to suppress.

Appellant acknowledges the substantial body of jurisprudence that concludes that a guilty plea waives all non-jurisdictional defenses.  Yet, he contends that the United States Supreme Court's decision in Menna v. New York, 423 U.S. 61 (1975), requires a different result.

In Menna, Menna was convicted of contempt for failing to testify before a grand jury and was sentenced to thirty days in jail.  Menna, 423 U.S. at 61.  Subsequently, he was indicted for his original refusal to answer questions before the grand jury. Id.  Menna pled guilty to the second charge and later challenged his conviction under the Double Jeopardy Clause of the Fifth Amendment.  Id. at 61-62.  The government argued that Menna's guilty plea waived his constitutional challenge.  Id. at 62.

The Supreme Court, in a per curiam opinion, held, "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Id. (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)).  The Court expanded on its holding, writing:

> Neither Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602, 36 L.Ed.2d 235, nor our earlier cases on which it relied, e.g.,

-

> Brady v. United States, 397 U.S. 742, 90
> S. Ct. 1463, 25 L.Ed.2d 747 and McMann v.
> Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25
> L.Ed.2d 763, stand for the proposition that
> counseled guilty pleas inevitably "waive"
> all antecedent constitutional violations.
> If they did so hold, the New York Court of
> Appeals might be correct.  However in
> Tollett we emphasized that waiver was not
> the basic ingredient of this line of cases,
> id., 411 U.S. at 266, 93 S. Ct. at 1607.
> The point of these cases is that a counseled
> plea of guilty is an admission of factual
> guilt so reliable that, where voluntary and
> intelligent, it quite validly removes the
> issue of factual guilt from the case.  In
> most cases, factual guilt is a sufficient
> basis for the State's imposition of
> punishment.  A guilty plea, therefore,
> simply renders irrelevant those
> constitutional violations not logically
> inconsistent with the valid establishment of
> factual guilt and which do not stand in the
> way of conviction if factual guilt is
> validly established.  Here, however, the
> claim is that the State may not convict
> petitioner no matter how validly his factual
> guilt is established.  The guilty plea,
> therefore does not bar the claim.  We do not
> hold that a double jeopardy claim may never
> be waived.  We simply hold that a plea of
> guilty to a charge does not waive a claim
> that judged on its face the charge is one
> which the State may not constitutionally
> prosecute.

Id. at 62 n.2.

We conclude that Menna is limited to a double jeopardy

defense and not to all allegations of constitutional violations.

Therefore, our jurisprudence on the effect of a guilty plea is

unaffected by Menna.  A double jeopardy violation

constitutionally bars prosecution of the second offense,

irrespective of the defendant's guilt.  A violation of the

-

defendant's Fourth Amendment right against unreasonable search and seizure is not a bar against prosecution, but only against the admission of certain evidence.  A defendant, therefore, can be prosecuted with other lawfully seized evidence.  We conclude appellant's reliance on Menna is misplaced.

We, therefore, affirm the judgment of the trial court.

Affirmed.