**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-8026

TONY ORLANDO PRICE,

Petitioner - Appellant,

versus

GENE JOHNSON, Virginia Department of Corrections,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CA-04-224-7)

Submitted:  February 7, 2007        Decided:  February 23, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Korzen, Rebecca L. Kinlein, Erik A. Lindahl, WAKE FOREST UNIVERSITY, Winston-Salem, North Carolina, for Appellant. Kathleen Beatty Martin, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Orlando Price appeals from the district court's denial of his 28 U.S.C. § 2254 (2000) petition. He pled guilty to malicious wounding by stabbing and by throwing a caustic substance. We previously granted a certificate of appealability on the issue of whether Price's plea was knowing and voluntary and appointed counsel to represent Price. After formal briefing by the parties, we affirm the district court's order as to that issue.[1]

Price argues that because his guilty plea hearing was "fraught with confusion" concerning whether he intended to enter an Alford[2] plea or traditional guilty plea, his guilty plea was not knowing and voluntary. Price has no constitutional right to plead guilty, or to require the court to accept an Alford plea. Santobello v. New York, 404 U.S. 257, 262 (1971); Alford, 400 U.S. at 38 n.11. We find any error in accepting Price's plea as a traditional guilty plea versus an Alford plea was harmless error. Even if Price's guilty plea were involuntary because he intended to enter an Alford plea, the error would not affect his substantial rights. See Perry v. Commonwealth, 533 S.E.2d 651, 652-53 (Va. Ct. App. 2000) (holding that Alford pleas are treated the same as a guilty plea and thus "by freely and intelligently entering an

---

[1]We deny a certificate of appealability and dismiss the appeal as to Price's other claims.

[2]North Carolina v. Alford, 400 U.S. 25 (1970).

- 2 -

Alford plea," Perry "waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of that charge.").

Price, as the Commonwealth contends, has not argued that he intended to plead not guilty, rather that he intended to enter an Alford plea instead of a traditional guilty plea. Price argues on appeal that there was insufficient evidence to sustain his conviction. Under Perry, regardless of whether Price entered an Alford plea or traditional guilty plea, he waived his right to challenge the sufficiency of the evidence. Therefore, even if Price's traditional guilty plea were involuntary because he intended to enter an Alford plea, the error would be harmless.

We therefore affirm the district court's order denying relief on Price's § 2254 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED