COURT OF APPEALS OF VIRGINIA

Present: Judges Haley, Petty and Powell
Argued at Salem, Virginia

LORD QUIKZONIOUS JUDAH, S/K/A
  LORD QUICKZONIOUS JUDAH

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 1815-07-3            JUDGE CLEO E. POWELL
                                             FEBRUARY 17, 2009

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Joseph H. M. Schenk, Jr., Public Defender (Office of the Public
Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.

Lord Quickzonious Judah[1] ("appellant"), pursuant to a procedure approved in North
Carolina v. Alford, 400 U.S. 25 (1972), entered pleas of guilty to one count of possession of a
firearm while possessing cocaine with intent to distribute, in violation of Code § 18.2-308.4(C),
one count of possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2, one
count of carrying a concealed weapon, in violation of Code § 18.2-308, one count of forgery, in
violation of Code § 18.2-168, and two counts of felony identity theft, in violation of Code
§ 18.2-186.3. On appeal, appellant argues that the evidence proffered by the Commonwealth, even
if accurate, is insufficient to support the entry of his Alford pleas. Finding no error, we affirm the
decision of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was born Kevin Darius Daniels. He had his name legally changed to Lord
Quickzonious Unique Judah on January 15, 2006.

BACKGROUND

On May 21, 2007, appellant was arraigned on one count possession of a firearm while possessing cocaine with intent to distribute, one count of carrying a concealed weapon, one count of forgery, and two counts felony identity theft. When appellant sought to enter an Alford plea to these charges, the Commonwealth objected, arguing that the Alford plea was an attempt to "go under the radar" of Virginia courts, while leaving the conviction open for attack in federal courts. In response, appellant's counsel stated:

> The plea is effectively the same as a guilty plea. The only question that is not asked in the Alford plea is "are you entering this plea because you are in fact guilty." There is another question that the Court asks instead . . . "are you entering this plea because you don't want to take the risk of being proven guilty beyond a reasonable doubt" and certainly the Court can be aware of the risks [appellant] might be facing should this case go to a jury. The risks of possible higher sentence are pretty significant and that is something that he wishes to avoid.

Appellant's counsel went on to state:

> [Appellant] . . . has maintained that he did not have a firearm in his possession, but he simply does not want to take the risk of going forward and facing a possible adverse verdict from a jury. He would rather enter an Alford plea to the charges that are before the Court today and avoid the possible risks that could come with the jury verdict and/or jury sentence.

During the subsequent colloquy, appellant affirmatively acknowledged that he had discussed all of the ramifications of his Alford pleas with his attorney and that he understood that he was subjecting himself to the same punishments as if he had pled guilty. Ultimately, the trial court decided to allow appellant's Alford pleas.

The Commonwealth then proceeded to summarize the evidence against appellant. After the Commonwealth's summary of the evidence, appellant sought to supplement the summary by stating that had appellant pled not guilty, he would have testified that the firearm was not on his person. He also would have called witnesses who would testify that the firearm was in a minivan

parked next to appellant. With regard to the evidence concerning appellant's name change and

the related charges of identity theft and forgery, appellant's counsel stated:

> As far as the name charges go, Your Honor, I believe it would be more appropriate, I'll bring it up again at sentencing. I think it's a factor the Court can consider, that name that was given to the police is not some fictitious name or some name that has never been his. . . .
>
> I think that's a factor the Court should consider at sentencing.

The trial court subsequently found that there was "overwhelming evidence of

[appellant's] guilt." The trial court also found that appellant's <u>Alford</u> pleas represented a

voluntary and intelligent decision. The court then found appellant guilty on all counts.

On July 9, 2007, appellant was arraigned on the related charge of possession of a firearm

by a convicted felon. Appellant again entered an <u>Alford</u> plea. Following the colloquy, the

Commonwealth again offered a summary of the facts. Unlike the May 21 hearing, however,

appellant did not seek to enter any evidence that he was not in possession of the firearm.

Following the summary, the trial court again found that appellant's <u>Alford</u> plea represented a

voluntary and intelligent decision. The trial court subsequently found appellant guilty.

ANALYSIS

> "Under an <u>Alford</u> plea, a defendant maintains innocence while entering a plea of guilty because the defendant concludes that his interests require entry of a guilty plea and the record before the court contains strong evidence of actual guilt. . . . Guilty pleas must be rooted in fact before they may be accepted. Accordingly, courts treat <u>Alford</u> pleas as having the same preclusive effect as a guilty plea."

<u>Perry v. Commonwealth</u>, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000) (quoting <u>Cortese v.

Black</u>, 838 F. Supp. 485, 492 (D. Colo. 1993) (citing <u>Alford</u>, 400 U.S. at 37)). Furthermore, "in

a proceeding free of jurisdictional defects, no appeal lies from a punishment fixed by law and

imposed upon a defendant who has entered a voluntary and intelligent plea of guilty." <u>Allen v.

Commonwealth, 27 Va. App. 726, 729, 501 S.E.2d 441, 442 (1998) (citing Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992)).

On appeal, appellant alleges no jurisdictional defect. Additionally, the record in this case clearly establishes that the trial court fully advised appellant of his rights and extensively questioned appellant with respect to his understanding of the consequences of entering an Alford plea. Appellant agreed that he was pleading guilty under the conditions approved in Alford due to the evidence against him and his desire to avoid the risk of a jury trial, although he was not admitting that he committed the offenses. Furthermore, appellant acknowledged that he had consulted extensively with his attorney, and he was entering his Alford pleas freely and voluntarily. The Commonwealth summarized the evidence against appellant, and appellant was given the opportunity to state for the record evidence that he would have presented. The trial court then found "overwhelming evidence of the defendant's guilt." As such, the trial court accepted appellant's pleas, finding they were freely, voluntarily, and intelligently made, and found appellant guilty.

Thus, as in Perry, "by freely and intelligently entering an Alford plea to the [] charge[s], appellant waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of [the charges]." Perry, 33 Va. App. at 413, 533 S.E.2d at 653.

For this reason, we affirm appellant's convictions.

Affirmed.