COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Senior Judges Clements, Haley and Petty

ANTOINE LEON MINOR

                                                    MEMORANDUM OPINION*
v.        Record No. 1159-21-2                              PER CURIAM
                                                        JULY 5, 2022
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Beverly W. Snukals, Judge

            (Maureen L. White, on brief), for appellant.

            (Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
            Assistant Attorney General, on brief), for appellee.


        Counsel for Antoine Leon Minor, appellant, filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses.  Appellant has not filed any *pro se* supplemental pleadings.

        The trial court convicted appellant under a written plea agreement of aggravated sexual

battery, abduction, and indecent liberties.  On appeal, appellant challenges the sufficiency of the

evidence to convict him because "the complaining witness made materially disparate reports

regarding [his] conduct and there was no DNA."  After examining the briefs and record in this case,

we affirm the trial court's judgment.  We unanimously hold that oral argument is unnecessary

because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020). In June 2020, appellant was indicted on charges of abduction with intent to defile, rape, and using a communication system to propose a sexual act to a minor child. In July 2021, appellant entered into a written plea agreement, whereby he agreed to plead no contest to amended charges of abduction, aggravated sexual battery, and indecent liberties.[1] The plea agreement provided that appellant would be sentenced to forty years' incarceration with thirty-five years suspended.

The plea agreement summarized the Commonwealth's evidence, which appellant stipulated was sufficient to find him guilty of the amended offenses. On December 24, 2019, appellant and the victim were at a home with several other people. The victim was fourteen years old at the time, whereas appellant was thirty-two years old. At approximately 10:00 p.m., appellant sent the victim messages through the Facebook Messenger application. Among other things, he asked the victim to "be his boo" and come upstairs. When the victim went upstairs to go to the bathroom, appellant "grabbed" her and "dragged her" into a bedroom. The victim "tried to fight him off," but he "threw" her on the bed and held her hands. Appellant removed the victim's shirt and pulled her pants and underwear to her ankles. As appellant held the victim's hands over her head, he held her legs down with his legs. Appellant "penetrated [the victim's] vagina with his penis and began to thrust aggressively." The victim cried and told appellant to stop. Once he was "finished, he let her go."

The victim "initially disclosed that [appellant] just rubbed on the outside of her clothing, but did not penetrate her." Because of that initial disclosure, no physical evidence was taken. On

---

[1] The Commonwealth further agreed that "[t]hese convictions [would] not serve as the sole basis for any revocation proceeding in the City of Richmond."

January 6, 2020, the victim disclosed "the full sexual assault and sexual penetration" to a forensic nurse examiner, who examined the victim and discovered "a complete transection on the victim's hymen." The parties acknowledged that the forensic nurse examiner would have opined at trial that "the physical findings of the exam were consistent with the penetrative vaginal trauma the victim described." Appellant did not object to the Commonwealth's summary of the evidence.

Appellant acknowledged in the written plea agreement that he understood that he was "affirmatively waiving his right to a jury trial, to confront any witnesses, and to appeal his conviction of sentence." Appellant also acknowledged that he had "read the entirety of this plea agreement; ha[d] reviewed the terms of the plea agreement with his attorney; underst[ood] the contents of this document; and [was] in complete agreement with the terms of this plea agreement."

Appellant appeared before the trial court and pleaded no contest to the amended charges. The Commonwealth explained the reasons for the amended charges were because it was unable to obtain DNA from the victim due to "an initial disclosure that did not involve penetration." The Commonwealth further explained that the victim was in therapy and "very much struggling with what happened to her," so the family wanted to "avoid the experience of a trial."

The trial court then engaged in a plea colloquy with appellant. Appellant confirmed that he understood the amended charges and had spoken with his attorney about possible defenses. Appellant acknowledged that by pleading no contest, he waived certain rights, including the right to a trial by jury, the right to confront witnesses, the right to be free of self-incrimination, and the right to appeal the charges. Appellant understood that his "plea of no contest will have the same affect [sic] as a guilty plea." Appellant confirmed that he had read the factual summary in the plea agreement and reviewed it with this attorney. Appellant admitted that it was "an accurate summary" of what the Commonwealth's evidence would have been and that the evidence was

- 3 -

sufficient to convict him of the charges. Appellant also acknowledged that the agreed-upon sentences included a total active sentence of five years.

The trial court accepted the plea agreement, finding that appellant "fully understood the nature and effect of the plea(s) and of the penalties that may be imposed upon conviction(s) and of the waiver of trial by jury and of appeal." Based on appellant's pleas of no contest, the summary of the evidence, and the plea agreement, the trial court convicted appellant of aggravated sexual battery, abduction, and indecent liberties. The trial court sentenced appellant to a total active sentence of five years, in accordance with the plea agreement. This appeal followed.

ANALYSIS

Notwithstanding his no contest pleas, appellant challenges the sufficiency of the evidence and argues that the trial court erred in convicting him of the offenses. He contends that the victim was "inherently incredible due to her extremely divergent accounts of her encounter with [appellant]." Appellant emphasizes that the Commonwealth did not offer any evidence from a corroborating witness even though other individuals were in the house when the incident occurred. Lastly, appellant asserts that the victim's "failure to report the sexual encounter precluded the production of any corroborative physical evidence."

When appellant entered his no contest pleas, he "waive[d] all defenses except those jurisdictional." *Meekins v. Commonwealth*, 72 Va. App. 61, 70 (2020) (quoting *Savino v. Commonwealth*, 239 Va. 534, 538 (1990)). "[B]y entering a plea of *nolo contendere*, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." *Id.* (quoting *Commonwealth v. Jackson*, 255 Va. 552, 555 (1998)). "A plea of *nolo contendere* admits, for the purposes of the case, all facts supporting the accusation." *Smith v. Commonwealth*, 59 Va. App. 710, 723 (2012).

Appellant's argument that the evidence was insufficient to sustain his convictions does not challenge the trial court's jurisdiction. Thus, the argument is waived. *See Perry v. Commonwealth*, 33 Va. App. 410, 412-13 (2000) (holding that by "freely and intelligently entering" an *Alford* plea of guilty, the defendant "waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of th[e] charge").

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Antoine Leon Minor is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*