COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Causey and Senior Judge Clements
Argued at Richmond, Virginia


JARED MATTHEW WARREN

                                                        MEMORANDUM OPINION*
v.        Record No. 0703-21-2                              PER CURIAM
                                                        SEPTEMBER 20, 2022
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                            Joseph M. Teefey, Jr., Judge

            (David G. Moss; The Law Office of David G. Moss, PLLC, on
            brief), for appellant.  Appellant submitting on brief.

            Rosemary V. Bourne, Senior Assistant Attorney General (Jason S.
            Miyares, Attorney General, on brief), for appellee.


        Jared Matthew Warren, appellant, appeals his sentence following his guilty plea and

conviction in the Nottoway County Circuit Court for violations of Code §§ 18.2-67.2 and 18.2-67.1.

Appellant's counsel has moved for leave to withdraw.  Along with the motion to withdraw is a

brief in support of this appeal.  A copy of that brief has been furnished to appellant with

sufficient time for him to raise any matter that he chooses.  Appellant has not filed any *pro se*

supplemental pleadings.  After examining the briefs, the record, and argument, the Court has

determined that this appeal is wholly frivolous.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

In March 2021, appellant pleaded no contest to felony object sexual penetration and felony forcible sodomy.[2]  The court sentenced him to twenty years of incarceration on each conviction, with all but fifteen years suspended for object sexual penetration, and all twenty years suspended for forcible sodomy, for a total active sentence of fifteen years.

Before accepting appellant's pleas, the court engaged in a thorough colloquy with appellant to ensure that he understood the implications of his decision to plead no contest and was doing so freely and voluntarily.  Appellant confirmed that he had discussed the charges, their elements, possible defenses, and possible sentences with his attorney.  He acknowledged that after that discussion, he decided for himself to plead no contest.  Appellant told the court that he understood that the convictions would have consequences along with the sentences, that the court was not required to follow the sentencing guidelines, and that the Commonwealth had not agreed to a particular sentence.  Appellant said he understood that by pleading no contest, he waived his rights to a trial by jury, to not incriminate himself, and to confront the witnesses against him.  Appellant denied having any questions.  After the court was satisfied that appellant understood the consequences of pleading no contest and that he was doing so freely and voluntarily, it accepted appellant's pleas.

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

[2] Appellant entered an *Alford* plea under *North Carolina v. Alford*, 400 U.S. 25 (1970). Virginia courts "treat Alford pleas as having the same preclusive effect as a guilty plea." *Perry v. Commonwealth*, 33 Va. App. 410, 412 (2000).

The Commonwealth proffered that while at an overnight party in October 2019, the victim became intoxicated. Her friends helped her to a couch where she fell asleep alongside some other women nearby. Appellant and his pregnant wife were also guests at the party. Appellant entered the room where the victim was and, while she was asleep, pulled her pants down and penetrated her vagina with his fingers. He then engaged in anal intercourse, stopping only when the victim's boyfriend entered the room after hearing noises.

Appellant at first admitted to police officers only that he had touched the victim with his fingers. But after being told that a witness had seen him atop the victim "thrusting" and that the victim was going to the hospital to get a "PERK kit [Physical Evidence Recovery Kit]" analysis, appellant admitted to performing anal intercourse. Appellant admitted that the victim was not awake and did not consent.

Based on appellant's pleas and the proffered evidence, the court convicted appellant of object sexual penetration and forcible sodomy. At the sentencing hearing, appellant testified that he started abusing marijuana and alcohol in 2018 while in college and continued to have a substance abuse problem. Appellant blamed drugs and alcohol for causing him to commit the crimes. He claimed that he was a "very kind, loving, generous person" but that alcohol made him "not think clearly or wisely." He testified that he had lost jobs because of his problems with drugs and alcohol. Appellant testified that "help from peers" or "classes or programs" could be a solution to his substance abuse, but that because of COVID-19, none were available. Appellant also testified that he planned to capitalize on drug and alcohol dependency programs while incarcerated to address his substance abuse and to attend work classes to develop skills for employment after release. Appellant admitted that he "would have to get advice" about mental health and testified that he intended to be an active participant if sent to the Virginia Center for Behavioral Rehabilitation ("VCBR") after release. According to appellant, he would view treatment at the VCBR as a "tool"

to help him. Appellant testified that his plan of action was to not "be around" people who might tempt him to use drugs or alcohol, because he was "think[ing] of [his] kid and [his] future." He testified that he wanted to remain sober for the rest of his life. Appellant also apologized to the victim, her family, and the party guests.

The Commonwealth agreed appellant had substance abuse problems but argued that appellant was blaming drugs and alcohol for his actions rather than accepting responsibility and that appellant did not "have a solid plan" for dealing with his substance abuse. The Commonwealth asserted that appellant's testimony that he would "take classes" was simply him "tell[ing] the court" he would "do something because that's what [appellant was] supposed to say." The Commonwealth noted that the risk assessments in both the sentencing guidelines and appellant's psychosexual evaluation were elevated. The Commonwealth argued the elevated risk assessments supported a finding that appellant was a danger to the community and urged the court to impose a sentence of twenty-five years of incarceration.

Appellant maintained that he was "honest" and "forthcoming" with the police officers. He claimed that he accepted responsibility for his actions and was already considering how he could use being sent to the VCBR to "become a productive member of society." Appellant also insisted that he had been candid with the court, recognizing his substance abuse problems and need to "keep the alcohol personality out of the world that we know today." Finally, appellant argued that his desire to get help with his substance abuse problem and to gain skills for employment made it unlikely that he would re-offend. He urged the court to sentence him at the low end of the guidelines. In allocution, appellant apologized again and said that he thought of himself as "a pretty decent young man" and that he was "at a loss for words."

The court, having considered "the presentence report, the psychosexual evaluation, [and appellant's] testimony," imposed a sentence of twenty years of incarceration on each conviction, with all but twenty-five years suspended, for a total active sentence of fifteen years.

ANALYSIS

On appeal, appellant argues that the court abused its discretion in sentencing him to fifteen years of active incarceration because it "failed to take into account the significance" of his mitigation evidence. Appellant contends that he acknowledged his substance abuse problem, desired treatment, and testified to "his intent to remain sober the remainder of his life." He emphasizes that the psychosexual evaluation demonstrated that "controlling [appellant's] access to intoxicants should minimize his risk." He also asserts that he "recognized that he had some mental health issues that he needed to have resolved and that if he was committed to a place such as the [VCBR], he would embrace and actively participate in the classes they had to offer him." Thus, he argues, the court abused its discretion by "not properly weigh[ing]" this "important mitigating evidence that showed his minimal likelihood of re-offending" and that if it had weighed this evidence, the trial court would have given him "a significantly lighter sentence."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty[,] and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Moreover, "[t]he sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing

punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004).

Thus, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or

the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may

only consider whether the sentence fell outside the permissible statutory range. *See Smith v.*

*Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334,

339 (1994).

It is also within the trial court's purview to weigh any mitigating evidence appellant

presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Because "sentencing

decisions are among the most difficult judgment calls trial judges face," they "must rest heavily on

judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account

their verbal and nonverbal communication, and placing all of it in the context of the entire case."

*Du*, 292 Va. at 563.

Here, the record shows that the trial court considered the Commonwealth's proffered

evidence, appellant's testimony, the presentence report, and appellant's psychosexual evaluation.

After weighing the above evidence, the court sentenced appellant to twenty years on each

conviction, with all but fifteen years suspended. The General Assembly has set a range of five years

to life imprisonment for object sexual penetration and for forcible sodomy. Code §§ 18.2-67.1(B)

and 18.2-67.2(B). Thus, appellant's sentences were "within the statutory range[s], and our task is

complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## CONCLUSION

For the reasons above, we affirm the trial court's judgment. We also grant counsel's

motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's

records will reflect that Jared Matthew Warren is now proceeding without the assistance of counsel and is representing himself on any further proceedings or appeal.

*Affirmed.*